Evans, J.
By agreement of parties, trial by jury is waived and the case is submitted to the court on the evidence and argument of counsel.
My finding of facts and conclusions of law are as follows:
FINDING OF FACTS.
Tlhe plaintiff is a corporation organized under the laws of Ohio with its principal place of business in Columbus, and by its charter it is authorized to construct, equip and operate an electric railway from Urbana to Columbus. On November 19, 1900, the City Council of the City of Columbus passed an ordinance, Number 17524, which was approved by the mayor of said city on November 26, 1900, and which' ordinance was duly accepted by the plaintiff herein. By the terms 'and conditions of the ordinance the plaintiff was permitted to construct and operate an electric railway line, with single and double tracks upon and across certain str eets of said city upon the consent of a majority of the property owners on said street having been theretofore obtained and filed with said council.
The streets of said city upon which plaintiff was authorized and permitted to construct and -operate said railway was, among other streets, on and over Spring street from its intersection with Dennison avenue, in an. easterly direction to Water street. That Section 4 of said -ordinance provided, among other things, the following:
“If the city council, at any time, orders the improvement of the roadway of any of said streets or avenues by laying down thereon a pavement of any kind, said grantee land -assigns shall, at their own expense, improve that portion occupied by the tracks of said road and one (1) foot outside thereof, with the same character of material as is used on the remainder of the streets; or, if on the said streets and avenue -a pavement has already been laid -and an assessment therefor placed on the tax duplicate, said company shall pay to the director of accounts of *440 the -city of Columbus, Ohio, such proportion of the assessment for said improvement as the space- occupied by said tracks -and one foot on the outside of the- -outer rails thereof, bears to the entire width of the improved roadway. ”
That the plaintiff has constructed -and is operating said elec'tric rail-way on the said streets in said ordinance- -prescribed, inieluding said Spring street fr-omi Dennison avenue to Water street.
That prior to the passage of slaid ordinance by said council and the acceptance thereof, permitting plaintiff to so construct and operate said railway -on- said streets, and o-n May 7, 1888, said city council of the city of Columbus -adopted a resolution declaring it necessary -to improve Spring street from High street to D-ennis-o-n .avenue, by constructing thereon a stone block, (Hayden block), asphalt -orhard burned brick pavement, and setting six inch curb, and that such improvement be made under the legislative act of the General Assembly of Ohio, passed May 11, 1886. Said resolution provided that tbe civil engineer be directed to prepare and report to- said council a plat, together with -a -detailed -estimate of the cost and expense of the proposed improvement, and show the dimensions, taxable valuation, -and -owner’s name -of each lot or parcel of land bounding or abutting upon the same. Said resolution was published for two consecutive weeks in a newspaper of general circulation in said city.
That on March 18, 1889, said -city council passed an ordinance, Number 4647, to provide for the improvement of Spring street from High street -to Dennison -av-enne; that said ordinance provided that said Spring street from High street to Dennison -avenue shall be improved by -grading and constructing a stone block (Hayden block), asphalt :or h-ard burned brick pavement and setting six inch curb; that bonds -o-f the city shall be issued by the council from time to- time, -as- said improvement progresses, to provide for the cost -and expense, to an amount not exceeding ■the -contract price of the -work and the other expenses attending the same, and interest, not to exceed six per cent., per -annum, payable semi-annually, and shall extend over a period of ten *441 year’s; that when the whole work is done, the amount of the bonds sold to pay for the same and the interest thereon to the next interest day, when assessments can be collected, shall be taken as the cost of said improvement, to be paid by the abutting property owners, and such .amounts shall be assessed equally by the front foot of -property fronting or abutting ¡on the same improvement ; the • assessments therefor to be payable in semi-annual installments to meet the bonds provided for in said ordinance, according to the legislative -act of May 11, 1886, as amended March 21, 1887.
That on November 18, 1889, said city -council .passed an ordinance, Number 5319, whereby iit was ordained that the sum of eleven dollars, ninety>-two cents ¡and 6 1-10 m-iUs be -and the same is hereby levied a-nid -assessed upon each front foot of the several lots of land bounding -or abutting upon Spring street from High street to Dennison avenue for the cost -and expense of constructing said improvement, which was Medina stone pavement, and setting five inch curb along the same.
That said -assessment was under said ordinance, certified to the .county treasurer for collection against the owners of real estate hounding and abutting on said street between High street and Dennison avenue.
That ¡the width of Spring street from High street to Water street, from curb to curb, is forty-six -and one-half feet. That the width of said Spring street from Water ¡street to Dennison avenue, from curb to curb, is thirty-six feet.
That the distance from the west curb line of High street, which is the east end of said improvement 011 Spring street, is 925.9 feet; that the distance from the west curb line of Water street, on said Spring street, to the west end of said improvement at Dennison ¡avenue is 1339 feet; that there are 5408 square yards of pavement on said Spring -street between the west line of Water street ¡and the west terminal of said improvement at Dennison avenue.
That plaintiff’s said railway occupies said Spring street from Dennison avenue to said Water street with its railroad tracks and one fo'ot on th-e outside of the -outer rail-s, a width of 16.7 feet; that there are 2549 square yards of pavement included *442 between the rails and une foot on thie outside of the outer rails of said railway, from Water street to Dennison avenue; that the total number of square yards of pavement in said improvement are 10994; that the total cost of said improvement from High street to Dennison avenue assessed against the abutting prop'r erty thereon was $46,195.90. That the total number of feet front bounding or abutting on said improvement against which the cost and expense of said improvement was assesed are 3873.52; that the number of feet front from Water street to Dennison avenue which was assessed for said improvement was 2397.92; that the total amount assessed against said frontage between Water street and Dennison avenue was $28,597.84; that the amount per front foot assessed against said abutting property for said improvement was $11.926.
That the amount of the total cost .and -expense of said improvement, which as heretofore found is in the sum of $46,-195.90, is made up as follows:
10,994 sq. yds. pavement at $3.70..................$ 40,670.80
62 sq. yds 2d class pavement at $3.00..............• 186.00
3,710 ft. curb at 46 cts............................ 1,706..60
213% ft. circle curb .at 92 cts..................... 196.42
160 ft. curb reset at 20 cts....................... 32.00
1090 sq. yds. stone pavement relaid at High St., $1.00 109.00
. $ 42,907.82
Amount paid the contractor for extra work:
Repaving sidewalk at High., Wall and Front Sts... 29.84
Grading and leveling at Wall street, 25 sq. yds. at 40 cts...................................... 10.00
Resetting curb S. E. Corner Ohio Penitentiary...... 3.00
Grading intersections of Water and West streets.... 12.00
15 yds. additional stone at State avenue, at $1.25.... 18.75
Grading State avenue approach 242 yds. at 40 cts... 96.80
Grading sidewalk 260 yds. at 40 cts................ 104.00
Grading sidewalk Walcutt property 236 c. yds., at 40 cents................................... 94.40
Grading in front of Ohio- penitentiary, 844 c. yds. at 40 cents ................................... 253.20
Total extra work $ 621.99
*443 In 'addition there was added to said cost and expense of said improvement:
Constructing catch basins........................$ 787.66
Issue of bonds ................................. 51.36
Advertising ................................... 8.25
Salary of superintendent of work................. 173.00
Six per cent, interest on $48,000.00 from July 1, ’89, to January 1, ’90................. 1,440.00
357 ft. curb to be credited at 46 cts................ 164.22
160 ft. curb to be credited! ¡at 26 cts............... 41.60
Total cost -and expense...................$ 46,195.90
That the entire cost of said improvement was equally assessed against the property bounding or abutting on said improvement for its entire length from- High street to Dennison avenue—that is, the property fronting or abutting on said street from Dennison avenue to Water street, which street between said points is 36 feet in width from cu-rb to- ¡curb, were 'assessed proportionately per front foot exactly the same ¡as the- property fronting or ¡abutting on said improvement from Water street to High street, between which latter points said improved street is 46% feet in width from curb to curb; that a five inch curb on each side -of said street was put in as- a part ¡of said improvement between Water street -and Dennison- avenue; that the entire width of the improved roadway on said -Spring ¡street between Dennison avenue and Water street, including said curbs, is 36 feet and ten inches.
That plaintiff did before constructing its said railway on said Spring street, by -a demand of 'defendant before defendant would permit plaintiff to construct the same under s-aid ordinance .authorizing plaintiff to- construct said railway, pay to the treasurer o-f defendant a rebate for -and -on behalf of the abutting property holders on -said street between Water street and Dennison avenue on account of said street improvement, the sum ¡of $13,266.35; that plaintiff objected to paying a sum for said rebate in excess of $11,872.56, under said ¡ordinance, but that said defendant and said treasurer would not permit plaintiff to proceed with the construction of said railway until *444 the full .amount of $13,266.35 was p.aid by plaintiff to said treasurer; that in order to proceed with its said construction plaintiff did pay said full amount, but paid under a protest the sura of $1,393.69, which is the difference between the sum demanded by defendant .and the sum that plaintiff claimed was the ful amount due from it as such rebate by said ordinance.
CONCLUSIONS OP LAW.
1. I am of the opinipn that by the terms of the contract as stipulated in S'ection 4 of the ordinance of said city council, passed November 19, 1900, that the plaintiff can not question the validity of any of the items of cost and expense of said improvement of said street that are embodied in the .assessment therefor against the property fronting or abutting thereon, and which wiere certified to the county treasurer and placed on the tax duplicate for collection. Under Section 4 of said ordinance there is a vast distinction as to the liability of said railway company as to- .a street that is paved after the construction of a railway thereon, and a street that is already paved and improved before the construction of the railway.
In the former ease it is expressly stipulated that if the city council at .any time orders the improvement of the roadway of any of said streets or avenues, by laying down thereon a pavement of any kind, said grantee and assigns, shall, at their own expense, improve that portion occupied by the tracks of said road' and one foot outside thereof, with the same character of material as is used on the remainder of the streets.
While the question of liability in a caste above stated is not before the court, because this improvement was already made when the railway was constructed, and here comes under the next succeeding. paragraph of said section. Yet in construing the latter paragraph the apparent disproportion of the two provisions should be pointed out.
I think there is no. doubt but that under the first provision ■all that the railway company would be liable for would be the actual cost to it of the improvement of that portion of the street actually occupied by its tracks and one foot outside of the outer *445 rails, and this would be true independent iof what the remainder of the improvement cost to the city, and independent of the cost and expense of curbing, intersections, catch-basins, etc. And if the railway company would not construct this work itself, and if the work of constructing said pavement on the portion of the street occupied by the tracks were then done by the city, under this contract the city could not charge or assess against the railway a sum in- excess of the actual cost of improving that portion of the street occupied by the tracks .and one foot outside, except, perhaps, an 'additional expense necessary, such as services for the superintendent while directing that part of the work.
But under the second provision of the Contract, the one under consideration here, it will be observed that it does not stipulate that the railway company shall pay the actual cost and expense of constructing the improvement on that part of ¡the street to he occupied by the tracks of the company .and one foot outside.
If it did so provide then there would he mo disproportion between the two provisions so far as the liability of the company is concerned. But instead thereof it provides that the railway company shall pay such proportion of the assessment for said improvement as the space occupied by said tracks and one foot on the outside of the outer rails thereof bears to the entire width of the improved roadway.
Now, this improvement has been made, and all the expense thereof incurred, the assessment determined and placed on the duplicate against the abutting property about ten years before the said ordinance granting permission to the plaintiff to construct its road on said street was passed.
It is presumed that the plaintiff at the time of the passage of said ordinance, and of its acceptance thereof which then made it a contract between plaintiff and defendant, knew what the cost .and expense of said improvement was, and knew that said street had a greater width from High street to Water than it had between Water street and Dennison avenue, and also knew what sum had been assessed against the property fronting and abutting on said street. This was all a matter of public record. And *446 even if the plaintiff did mot take the pains to ascertain the amount of said 'assessment, it entered into a contr act as to a street already paved and an assessment therefor long before placed on the tax duplicate, and -obligated itself to pay such proportion of that assessment as the space -occupied by its tracks and one foot o-utsidie bears to the entire width of the improved street.
The assessment means the aggregate of the entire cost of whatever items it onlay be composed, -amd independent of the manner ini which the city saw proper to assess those bn the narrow end of the street equally with those on the wide -end.
This is the -contract -and plaintiff is bound by it, and for this reason plaintiff is not in the position of -an abutting property holder -on the street, -or in a position it would be itself if the city would improve a street omi which the railway already had its tracks, for. in the latter event there- wo-uld be- the absence of a contract to pay such a proportion of am 'assessment already made amd placed on the tax duplicate.
My finding, therefore, is on this branch of the ease- that the plaintiff should pay such proportion of tbe amount -assessed for said improvement of said Spring street between Water street and Dennison avenue, to-wit: $28,597.84, as the space occupied by its tracks thereon, and one foot on the outside o-f the outer rails thereof bears to the entire width -of -the improved roadway.
2. I am o-f the opinion that the entire width of the improved ro-adway on-said Spring street between Water street -and Dennison avenue should include the curb on each side of the street. Consequently, the entire width of said street between said points is 36 feet and ten inches.
My reasons for reaching this- conclusion are:
(1) . The evidence shows that the said- street ias a part of this improvement had new -curbing placed along on both sides of said street between said points.
(2) . The contract, which is the second provision of said Section 4 of said -ordinance: Said- eomp-any shall pay such proportion of said -assessment * * * ias- the space occupied by its tracks and one foot on the -outside of the outer rails hears to the entire width of the improved roadway.
Gyrus Huling for plaintiff.
J. M. Butter, for defendant.
Now, the evidence shows that the driveway between said points on said street is 36 feet, that is, from curb to curb. Under this contract the plaintiff cam not be restricted to the width of the driveway merely, because the contract makes no such limitations, but, instead, its language is, “bears to the entire width of the improved roadway.” The curb is certainly, in my opinion, a part of the improved roadway, not because it is used for driving over it, but because it is indispensable to that part which is so used, and without it there could be no perfect and complete roadway.
This improved roadway including the curb, which I have found is a five inch curb on each side, is 36 feet and 10 inches wide between said points. In figures 'and decimals it is 36.833 feet wide.
The space, as heretofore found occupied by the tracks and one foot outside of the outer rails is 16.7 feet.
The amount of said .assessment between said points is $28,597.84; this sum multiplied by 16.78 and divided by 36.833, if I figured correctly, is $12,966.19, which sum I.find is the true amount óf the rebate that plaintiff owes defendant. Subtract said sum so found from $13,266.25, the amount paid by plaintiff, and the difference, which is $300.06,1 find is the amount that plaintiff is entitled to. recover from the defendant.
My finding, therefore, is in favor of the plaintiff .against the defendant, and that plaintiff recover from defendant the sum of $300.06.